IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| WALTER H. HOLLOWAY, | ) | 8:18CV108 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| MARIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his pro se Complaint on March 5, 2018 (Filing No. 1) and was given leave to proceed in forma pauperis on March 7, 2018 (Filing No. 5). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff's Statement of Claim[1] reads: "2 years in a row I was denied unemployment from lies and this time its [*sic*] the same people Maria and Jose of

---

[1] The instructions for the Statement of Claim section of the standard form pro se Complaint that was used in this case read as follows:

> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiffs rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

(Filing No. 1 at CM/ECF p. 4)

Omaha Work Staffing downtown location 713 S. 16th Omaha, it was Skinner Bakery and Omaha Staffing lies" (Filing No. 1 at CM/ECF p. 4). Four Defendants are identified:

    (1)    Maria, Jose[2]
              Manager of Omaha Work Staffing
              713 S. 16th, Omaha Douglas Nebr.

    (2)    Skinner Bakery 2nd Shift Supervisor
              Superviser [*sic*]/Omar and Assistant
              46 F, Omaha Douglas Nebr.

    (3)    M & M Staffing
              713 S. 16th, Omaha Douglas Nebr.

    (4)    (State of Nebraska)
              Unemployment Workers
              Answering Machine/Employees and Computers
              550 Lincoln Nebr.

Plaintiff, who resides in Omaha, states he is a citizen of "United Kingdom/ USA" and also a Nebraska corporation. He states that M & M Staffing is a Mexican corporation. The citizenship of other Defendants is not stated.

Plaintiff claims the amount at stake is more than $75,000.00 because "they reported the same record knowing I wrote the business plans to help them. Now I have no home, subject to hard labor injur[ies] and broke" (Filing No. 1 at CM/ECF p. 4).

Since filing his Complaint, Plaintiff has submitted additional materials that do not relate to these Defendants or to the claim alleged (Filing No. 3, 4, 8, 9, 10, 11, 13).

---

[2] The clerk's office has listed "Jose Maria" as one Defendant, but Plaintiff appears to be identifying two Defendants by only their first names.

Because they are not relevant to Plaintiff's Complaint, these additional materials will not be considered by the court.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

The court is not convinced it has subject-matter jurisdiction over this action. Plaintiff alleges subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332,

commonly referred to as "diversity of citizenship" jurisdiction. Under section 1332, the citizenship of each plaintiff must be different from the citizenship of each defendant. *Ryan v. Schneider Nat'l. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a). Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but . . . the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Missouri v. Western Surety Company*, 51 F.3d 170, 173 (8th Cir. 1995).

In any event, no facts are alleged in the Complaint to state a claim upon which relief may be granted. Plaintiff claims he was denied unemployment benefits because of false information provided by Defendants. The appropriate legal remedy is to file an administrative appeal from the denial of benefits, *see* Neb. Rev. Stat. § 48-634, and, if the appeal is unsuccessful, to petition for judicial review in state district court, *see* Neb. Rev. Stat. § 48-638. No cause of action exists for tortious interference with one's claim for unemployment compensation. *Miles v. Bibb Co.*, 339 S.E.2d 316, 318 (Ga. App. 1985).

## IV. CONCLUSION

The court does not appear to have subject-matter jurisdiction in this case, and, regardless, Plaintiff does not have an actionable tort claim against Defendants. The court finds that Plaintiff's Complaint is frivolous, and that granting him leave to amend would be futile. Accordingly,

IT IS ORDERED that:

1. Plaintiff's Complaint is dismissed without prejudice, and Judgment will be entered by separate document.

2. Plaintiff's Motion of Discovery (Filing No. 12) is denied without prejudice.

DATED this 10th day of April, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge